ISmoke, LLC v Axcentria Pharms., LLC (2019 NY Slip Op 05623)





ISmoke, LLC v Axcentria Pharms., LLC


2019 NY Slip Op 05623


Decided on July 11, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 11, 2019

Friedman, J.P., Richter, Tom, Oing, Moulton, JJ.


9851 653158/15

[*1]ISmoke, LLC, Plaintiff-Appellant,
v
Axcentria Pharmaceuticals, LLC, Defendant-Respondent.


Judd Burstein P.C., New York (G. William Bartholomew of counsel), for appellant.
CaneLaw LLP, New York (Peter Cane of counsel), for respondent.



Order, Supreme Court, New York County (Arthur F. Engoron, J.), entered May 25, 2018, which granted defendant's motion for summary judgment dismissing the complaint and on its counterclaims and awarding it reasonable attorneys' fees, unanimously modified, on the law, the motion denied as to dismissal of the complaint, and the principal sum of the award on the counterclaims reduced from $20,735 to $20,558, and otherwise affirmed, without costs.
Defendant failed to demonstrate as a matter of law that it did not breach the parties' 2014 contract pursuant to which it agreed to provide plaintiff with "Child-Resistant Cap[s]" for its liquid nicotine bottles. The term "Child-Resistant Cap" is ambiguous (see Chimart Assoc. v Paul, 66 NY2d 570, 572-573 [1986]; see also Georgia Malone & Co., Inc. v E & M Assoc., 163 AD3d 176, 185 [1st Dept 2018]). While it would be reasonable to interpret this term according to its plain meaning, i.e., a cap that is difficult for a child to open, it would be equally reasonable to interpret the term according to its "trade" meaning, i.e., a cap designed to prevent children from opening a container in accordance with the standards set forth in the Poison Prevention Packaging Act of 1970 (15 USC § 1471 et seq.; see 16 CFR 1700.20; see e.g. Zurakov v Register.Com, Inc., 304 AD2d 176, 179 [1st Dept 2003]; Edison v Viva Intl., 70 AD2d 379, 383 [1st Dept 1979]). Even if the term were unambiguous, defendant would not be entitled to summary judgment, because it submitted no evidence demonstrating as a matter of law that its caps were in fact "Child-Resistant."
Upon our review of the record and Supreme Court filings referred to by defendant, we find that, as of June 15, 2015, plaintiff owed defendant $6,558 on its counterclaim for account stated, and not, as the motion court stated, $6,735. Accordingly, the total principal sum awarded on the counterclaims should be reduced from $20,735 to $20,558 to conform to the proof.
The motion court correctly determined that defendant is entitled to its collection costs with respect to the account stated claim.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JULY 11, 2019
CLERK